UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARRY KATZ,

    Plaintiff,

v.                                                                       CASE NO: 8:12-cv-711-T-26-TGW

DILLARD'S, INC.,

    Defendant.
_____/

## O R D E R

Pending before the Court is Defendant's alternative motion to stay this action and to compel arbitration[1] and Plaintiff's response in opposition.[2] After careful consideration of the parties' submissions, the Court concludes that the motion is due to be granted.

Plaintiff sued Defendant in Florida state circuit court in a five-count complaint alleging unlawful age discrimination, disability discrimination, and retaliation pursuant to the Florida Civil Rights Act of 1992, Chapter 760 of the Florida Statutes, and interference and retaliation in violation of the federal Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*.[3] Defendant removed the case to this Court based on federal

---

[1] See docket 3.

[2] See docket 13.

[3] See docket 3.

question jurisdiction under 28 U.S.C. § 1331.[4] The Court subsequently denied Defendant's motion to dismiss and directed Plaintiff to advise the Court whether he agreed with the alternative motion to stay and arbitrate and, if he disagreed, to file a response to the motion.[5] Plaintiff responded with a notice stating his opposition to the motion[6] and later filed his timely response.

In this case, there can be no question from a fair reading of the Rules of Arbitration agreed to by Plaintiff as a condition of employment with Defendant that the state and federal claims for discrimination, interference, and retaliation asserted in his complaint are covered by those rules and that those rules unmistakably provide that "[t]hese Rules of Arbitration govern procedures in the arbitration of all covered disputes. The Company and the Associate agree that the procedures provided in these Rules will be the sole method used to resolve any covered dispute arising between them."[7] In light of that fact, and because Plaintiff offers no contrary argument with regard to why his claims do not fall within the ambit of the rules, the Court has no other alternative but to grant the motion. See Bender v. A.G. Edwards & Sons, Inc., 971 F.2d 698 (11th Cir. 1992); accord Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217 (11th Cir. 2000).

---

[4] See docket 1.

[5] See docket 5.

[6] See docket 8.

[7] See docket 4, page one to Attachment "A."

Accordingly, for the reasons expressed, it is ordered and adjudged that Defendant's Alternative Motion to Stay This Action and to Compel Arbitration (Dkt. 3) is granted. All proceedings in this case are stayed. The parties are directed to engage in arbitration pursuant to the agreed upon Rules of Arbitration. The Clerk is directed to administratively close this case during the period of the stay, subject to being reopened on motion of either party at the conclusion of the arbitration process.

**DONE AND ORDERED** at Tampa, Florida, on April 23, 2012.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record